**Thomas K. Coan, OSB #89173**
tom@tomcoan.com
Attorney at Law
1001 SW Fifth Ave., Suite 1400
Portland, OR  97204
(503) 221-8736

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>          Plaintiff,                                )<br>                                                      )<br>     vs.                                              )<br>                                                      )<br>CHAD LEROY ERICKSON,         )<br>          Defendant.                            )<br>_____) | Case No. 3:18-cr-00319-5-JO<br><br>DISCOVERY REQUEST |

    Defendant, Chad Erickson, through his attorney, Thomas Coan, hereby requests that the government disclose, produce, and make available for examination and copying by defense counsel or agents thereof the items listed below, whether currently in the possession, custody, control or knowledge of the United States Attorney, and/or any law enforcement agent, or by which the exercise of due diligence may become known to the attorneys for the government.

    This request is issued in accordance with Rule 16 of the Federal Rules of Criminal Procedure, which is "intended to prescribe the minimum amount of discovery to which the parties are entitled. It is not intended to limit the judge's discretion to order broader discovery

**Page 1 – DISCOVERY REQUEST**

in appropriate cases." *United States v. Armstrong, 517 U.S. 456, 475, (1996)(Breyer, J. Concurring) (quoting Advisory Committee's Notes on Fed. R. Crim. P. 16, 18 U.S.C. App., p. 761)*. This request also encompasses exculpatory evidence under the principles announced in *Brady v. Maryland, 373 U.S. 83 (1963)*, whereupon "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley, 514 U.S. 419, 437 (1995)*.

1. All recorded memoranda or reports relating to the circumstances of any seizure or search of the defendant or his property, or any other seizure or search related to this case, listing the items seized and the information obtained as a result of these seizures or searches. Rules 16(a)(1), 12(b)(4)(B), 41(h).

2. The substance of all oral statements made by the defendant or codefendant to any government agent. Rule 16(a)(1)(A).

3. All written or recorded statements of the defendant or codefendant, including but not limited to; Grand jury testimony, depositions, recorded conversations, as well as any transcripts or enhanced audio records tapes or files of such conversations. Rule 16(a)(1)(B). *United States v. Bailleux, 685 F.2d 1105, 1114 (9th Cir. 1982)*.

4. Rough or preliminary notes made by any government agents pertaining to statements subject to requests 2 and 3 above. *United States v. Harris, 543, F.2d 1247, 1253 (9th Cir. 1976)* (rough notes of interviews, especially with the accused, are discoverable and must be preserved.); *United States v. Layton, 564 F.Supp. 1391, 1395 (D.Or. 1983)* (court possesses discretion under Rule 16 to order disclosure of notes of interview with the defendant.); *United States v. Riley, 189 F.3d 802, 803 (9th Cir. 1999)* (error to destroy notes from interview,).

**Page 2 – DISCOVERY REQUEST**

5. A copy of the defendant's record of arrests, criminal history, and/or prior convictions. Rule 16(a)(1)(D), *United States v. Audelo-Sanchez, 923 F.2d 129 (9th Cir. 1991)*.

6. All books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items which are arguably material to the preparation of the defense, or which were obtained from or belong to the defendant. Rule 16(a)(1)(E).

7. The results or reports of any physical or mental examination and of any scientific test or experiment which are arguably material to the preparation of the defense, or which the prosecution seeks to introduce in its' case in chief against the defendant. Rule 16(a)(1)(F).

8. A written summary of the testimony of any expert witness the government intends to use as described in Rule 16(a)(1)(G). This request includes the disclosure of copies of any written conclusions, findings or reports of said expert witness. *United States v. Barrett, 703 F.2d 1076, 1081 (9th Cir. 1983)*.

9. Information derived from any eavesdropping, wiretapping, electronic recording, or audio enhancement devices utilized in this case. If any such devices were utilized, disclosure of the date, time, place and circumstances of such use including, but not limited to: copies of all written reports and/or memoranda documenting such use, copies of all authorization warrants and/or supporting documents, minimization logs, and any applications for extensions of any such authority to intercept and record.

10. Copies of all records, tapes, data files etc. and any accompanying transcripts thereof of the results generated by any electronic surveillance of the type described in paragraph 9 above.

**Page 3 – DISCOVERY REQUEST**

11. All records, reports, or memoranda of any law enforcement agency describing, referring or otherwise referencing any informant utilized in this case. This request includes, but is not limited to; records, reports, or memoranda which relate statements made by such informants; information documenting the motives and reasons for the informant's cooperation with authorities in this case, i.e. whether the informant received any benefit, financial or otherwise, including potential future benefit(s) in exchange for the informant's cooperation; the informant(s) criminal history and any information bearing on the informant's credibility as a witness herein and, whether or not the informant has cooperated with law enforcement in other investigations and if so the circumstances therein. This request contemplates production of any records, reports or memoranda presently in the possession, custody or control of the United States Attorney, the existence of which is known, or by the exercise of due diligence may become known to, the government. *Roviaro v. United States, 353 U.S, 53, 1957*.

13. Reports or memoranda of any agent of the government, including the prosecutor, pertaining to statements made by prospective government witnesses in this case. This request encompasses original notes or memoranda, whether or not subsequently incorporated into later reports. *United States v. Ogbuetti 18 F.3d 807, 810 (9th Cir. 1994)(notes taken by prosecutor during witness interview may be subject to disclosure)*.

14. Provision of the minutes and transcripts of all testimony before any grand juries that heard evidence in this case. Disclosure of all notes or other writings, documents, exhibits or tangible things used by prospective witnesses while testifying before the grand jury. *See United States v. Wallace, 848 F.2d 1464, 1470 (9th Cir. 1988)*.

15. Any and all evidence that potentially is exculpatory or favorable to the defendant, and/or material to the defense, or to mitigation of sentence, including but not limited to:

**Page 4 – DISCOVERY REQUEST**

a. The results of any tests, experiments, examinations, searches or seizures which produced evidence favorable to the defendant or failed to produce evidence tending to incriminate the defendant;

b. The name(s) of any other person(s) considered a potential suspect in this case and/or any evidence which in any way indicates that the other person(s) may have committed, or aided in the commission of the crimes at issue in this case.

c. A statement identifying any evidence in this case that the government has intentionally or inadvertently destroyed, or for whatever cause, no longer has within its possession. *Brady v. Maryland, 373 U.S. 83 (1963)*;

d. Any evidence, information, testimony, transcripts or other records of statements indicating whether any prospective witness on any occasion has given false, misleading, or contradictory information regarding the charges at issue herein or any other matter where such statements were made to law enforcement or when the individual was a prospective witness in court proceedings.

e. Any evidence, information, testimony, transcripts or statements indicating that opinion, reputation, or specific acts may demonstrate that a prospective witness in this case is not a truthful person, has any particular bias against the defendant, or has any motive to give testimony herein.

f. Any evidence, information, testimony, transcripts or statements indicating that opinion, reputation, or specific acts may demonstrate that a

**Page 5 – DISCOVERY REQUEST**

prospective witness in this case is a threatening, assaultive, or otherwise physically aggressive person.

   g. Any evidence, information, testimony, transcripts or statements indicating that opinion, reputation, or specific acts may demonstrate that a prospective witness in this case may either presently, or at any time precedent , be suffering from any mental disease or defect, personality disorder, substance abuse addiction or chronic substance abuse impacting the witness' ability to accurately perceive and recall historical information perceived or relayed by others to the witness.

  16. Information relating to any prior or subsequent bad acts by the defendant that the government seeks to introduce at trial. F.R.E. 404(b). *United States v. Baum, 482 F.2d 1325, 1330-32 (2d Cir. 1973); United States v. Cook, 608 F.2d 1175, 1186 (9th Cir. 1979)(en banc), cert den, 444 U.S. 1034*.

  17. Examination by the government of the personnel files of all law enforcement agents who will testify at any proceeding in this matter for evidence that any such agent has ever made a false statement or has a reputation for dishonesty. *United States v. Calise, 996 F.2d 1019, 1021 (9th Cir. 1993); United States v, Henthorn, 931 F.2d 29 (9th Cir. 1991); United States v. Kiszewski, 877 F.2d 210, 216 (2nd Cir. 1989)(in-camera review of agent's case file regarding bribery allegations); see also Kyles v, Whitley, 514 U.S. 419, 437 (1995)*.

  18. The names and contact information for all percipient witnesses interviewed by the government whom the government does not intend to call at trial. *United States v. Cadet, 727 F.2d 1453, 1469 (9th Cir. 1984)*.

**Page 6 – DISCOVERY REQUEST**

19. Copies of the arrest and conviction record of each prospective government witness. *United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988)*.

20. Evidence that any state or federal criminal case has recently been dismissed against any prospective government witness. *See United States v. Anderson, 881 F.2d 1128, 1138-39 (D.C. Cir. 1989)*.

21. Evidence that any prospective government witness has any criminal charge pending against them. *United States v. Fried, 486 F.3d 201 (2d Cir. 1973)*.

22. Any evidence that any prospective government witness is under investigation by federal or state authorities. *United States v. Chitty, 760 F.2d 425, 428 (2d Cir. 1985)*.

23. Any and all evidence of any express or implicit understanding, deal, consideration, offer of immunity, special treatment or compensation of any nature or kind between the government and/or any of its agents and any prospective witness herein. *See, Giglio v. United States, 405 U.S. 150 (1972); United States v. Schaffer, 789 F.2d 682, 689 (9th Cir. 1986), United States v. Butler, 567 F.2d 885, 889 (9th Cir. 1978)*.

24. Any and all evidence that a prospective witness has requested any consideration or benefit for that witness' cooperation and/or testimony herein, whether or not the government agreed to such a request. *Reutter v. Solem, 888 F.2d 578, 581 (8th Cir. 1989)*.

25. Any and all evidence of any statements, discussion or advice made by the government or its agents to any prospective witness herein concerning any plea bargain, or other consideration offered or requested that witness' cooperation and/or testimony herein, whether or not the government agreed to such a request. *Haber v. Wainwright, 756 F.2d 1520, 1523-24 (11th Cir. 1985)*.

**Page 7 – DISCOVERY REQUEST**

26.  Any and all evidence that any prospective government witness has at any time in the past cooperated with the government in the criminal prosecution of other persons, including but not limited to; all monies, benefits, promises and/or other forms of consideration in exchange for said witness' prior cooperation, the full extent of the witness' assets, and present and past income tax liabilities. *United States v. Shafer, 789 F.2d 682, 688-89, and n. 7 (9th Cir. 1988)*.

27. Copies of all prior statements of any prospective government witness relevant to that witness' testimony herein or relevant to impeachment of said witness or testimony. *See United States v. Brummel-Alvarez, 991 F.2d 1452 (9th Cir. 1992)*.

28.  Any and all evidence that any prospective government witness has made an inconsistent statement to the government or its agents with respect to that witness' testimony herein. *United States v. Isgro, 974 F.2d 1091 (9th Cir. 1992)*.

29.  Any and all evidence that any prospective government witness has made any statement inconsistent with or contradictory to any statement by any other person pertaining to any subject material to any fact in issue herein. *United States v. Minsky, 963 F.2d 870, 874 (6th Cir. 1992), United States v. Hibler, 463 F.2d 455, 460 (9th Cir. 1972)*.

30.  Any and all evidence that any prospective government witness has engaged in criminal activity not resulting in conviction. See *United States v. Osorio, 929 F.2d 753,761 (1st Cir. 1991)*.

31.  Any and all evidence that any prospective government witness has ever made any false statement to law enforcement authorities. *See United States v. Bernal-Obeso, 989 F.2d 331, 337 (9th Cir. 1993)*.

32. Any and all evidence that any witness has a tendency to lie or exaggerate. *United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988)*.

33. Any and all evidence that any prospective government witness consumed any intoxicating substance prior to witnessing or participating in the events giving rise to that witness' testimony. *See United States v. Butler, 481 F.2d 531, 534-35 (D.C. Cir. 1973)*.

34. Copies of any and all medical, psychological or psychiatric evidence tending to show that any prospective government witness' ability to perceive, remember, relate or communicate factual evidence is impaired. *See United States v. Lindstrom, 698 F.2d 1154, 1163-68 (11th Cir. 1983)*.

35. Any and all evidence that a prospective government witness is biased or prejudiced against the defendant or any codefendant, or whether that witness has any motive to testify falsely in any regard. *See United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988)*.

36. Any and all evidence that a prospective government witness has taken a polygraph examination and the result(s) thereof. *See Carter v. Rafferty, 826 F.2d 1299, 1305 (3rd Cir. 1987)*.

37. Disclosure of the name and contact information of any person(s) who misidentified or was not able to identify the defendant or any codefendant herein during the investigation of this case. *See James v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978)*.

38. Access to any physical evidence tending to exculpate the defendant in whole or part or tending to mitigate punishment. *Brady v. Maryland, 373 U.S. 83 (1963)*.

39. Disclosure of the commencement and termination dates of any grand jury that returned an Indictment herein. *In re Grand Jury, 903 F.2d 180 (3rd Cir. 1990)*.

40. Disclosure of the identity and contact information for every prospective witness the government may reasonably call at trial herein. *See Arizona v. Manypenny*, 672 F.2d 761, 765 (9th Cir. 1982).

41. Disclosure and copies of any state or federal presentence and/or probation reports prepared with respect to any prospective government witness. *See United States v. Schlette*, 842 F.2d 1574, 1577 (9th Cir. 1988).

42. Any and all evidence that any prospective witness has applied for or requested from the government any consideration or benefit including but not limited to any plea bargain, dismissal of any charge, sentence reduction or early parole, whether or not the government agreed to such a request. *Reutter v. Solem*, 888 F.2d 578,581 (8th Cir. 1989); *Brown v. Dugger*, 831F.2d 1547, 1558 (11th Cir. 1986).

43. Any and all evidence of any discussion about, or advice concerning, any plea bargain or requested benefit between the government and any prospective witness. *Haber v. Wainwright*, 756 F.2d 1520, 1523-24 (11th Cir. 1985) (government "advice" to witness must be disclosed); *Campbell v. Reid*, 594 F.2d 4,7 (4th Cir. 1979) (prosecutor's statement to the witness that he "would do the right thing" must be disclosed to the defense even if the witness is unaware of its exact meaning); *Dubose v. Lefevre*, 61 9 F.2d 973,978-79 (2nd Cir. 1980) (same).

44. Disclose details concerning the full scope of any witness' past cooperation with the government including but not limited to all moneys, benefits and promises received in exchange for cooperation, the full extent of the witness' assets, and the status of the witness' present and past income tax liability. *United States v. Shafer*, 789 F.2d 682,688-89

and n. 7 (9th Cir. 1988); *United States v. Eduardo-Franco*, 885 F.2d 1002, 101 0 (2nd Cir. 1989) (evidence of past services highly relevant to bias and interest).

DATED this 27th day of October 2015.

                                             *s/ Thomas K. Coan*
                                             Thomas K. Coan, OSB 89173
                                             Attorney for Defendant